## Kinert *v.* Kapp, Appellant.

*Contract—Agreement to pay board—Husband and wife—Landlord and tenant—Evidence—Account stated.*

1. Where an owner of a farm lets it in writing to another and thereafter goes to live in the household of his tenant under an alleged agreement by which he was to have his board for his services on the farm, and more than a year subsequently the tenant's wife sues him for board and swears to an alleged settlement and account stated between herself and the defendant, which the latter promised to pay, but which he denies, it is proper to permit the plaintiff to show that she owned the stock on the farm as a minor fact bearing upon the situation of the parties, but it is error for the court to unduly emphasize such fact in its charge. It is also proper to permit the cross-examination of defendant and her husband, and the admission of other proof to show declarations and statements of both husband and wife made prior to the alleged settlement to the effect that the defendant was not paying any board. In such a case the written contract of lease between plaintiff's husband and defendant was admissible.

2. Where one boards in a family consisting of husband and wife the money due for boarding furnished, belongs primarily to the husband.

Argued March 11, 1912. Appeal No. 19, March T., 1912, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1911, No. 2, on verdict for defendant in case of Amanda Kinert v. David Kapp. Before RICE, P. J.,

HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

· Appeal from judgment of a justice of the peace.

The facts are stated in the opinion of the Superior Court.

At the trial the defendant presented the following points:

1. That where one boards in a family consisting of husband and wife, the money due for boarding furnished belongs primarily to the husband. *Answer:* This is true as an abstract legal proposition. But this would not be so if it is found by a jury that the wife is the owner of the property used in the farming operations; was entitled to all the proceeds, and further that the boarder agreed to pay her personally the amount due by him for his boarding. [7]

2. That where one boards in a family consisting of husband and wife, the money for the boarding belongs primarily to the husband, and the wife has no right under the law to bring suit in her name therefor. *Answer:* This again is true as an abstract legal proposition. But it would not be so if a jury should find that the wife is the owner of the property used in the farming operations, and received and was entitled to all the proceeds, and further, that the boader promised to pay her personally the amount due by him for his boarding. [8]

3. Where a contract for boarding is made solely with the husband, the wife has no right of action for boarding furnished by the family. *Answer:* This is the law if you should so find. [9]

4. When an agreement is made by the husband to furnish boarding for another in consideration that the boarder shall work and labor for the husband, and the labor agreed upon is performed by such boarder, no action lies for the boarding furnished. *Answer:* This would be true, if the facts justified that conclusion. [10]

5. Under all the testimony, the verdict should be for the defendant. *Answer:* Refused. [11]

The court charged, inter alia, as follows:

It appears that Kapp is the owner of a farm; that the plaintiff came to reside on the same on March 20, 1910, and on the following day he took up his residence with them, and they boarded, washed and lodged him from that time until about the time of this alleged settlement in February, 1911.

Mrs. Kinert was called upon the stand, and testified that she is the owner of the property used in the farming operations, and was entitled to and received the proceeds. She states that Kapp remained there evidently without any understanding—at least no testimony is given by her showing any understanding as to her boarding him or the price to be paid, until February 20, 1911. At that time they met, that is, her husband, with her, and Mr. Kapp. They went over their accounts; agreed upon the price at which the board should be fixed, to wit: $15.00 a month, which he then agreed to; that his wages were then fixed; that he was allowed credit for certain provisions and other materials which he furnished the Kinerts in their farming operations, and that when a balance was struck there was $110.14 due to Mrs. Kinert; that he then paid $20.14, and promised he would pay the other $90.00 within a short time, stating he would get the money from some other point. [I should state at that time copies were made of these statements, first, of the amount of credits to which Kapp was entitled, and the amount of debits claimed by Kinert, a balance was struck, and that copies of both of these accounts were given to Kapp, or at least read to him, and Kapp took notes of what credits were allowed, and also of the debits claimed, and that he then, as we said before, promised to pay her the remaining $90.00.] [12]

Verdict and judgment for plaintiff for $90.00. Defendant appealed.

*Errors assigned* were (1–6) various rulings on evidence sufficiently set forth in the opinion of the Superior Court;

(8–12) above instructions, quoting them; (13) the charge as a whole; and (14) in entering judgment on the verdict.

*G. Wilson Swartz,* for appellant.—Generally under the rule that the husband has a right to the services of his wife, when a boarder is taken into the family, in the absence of proof of any special agreement, the money for board belongs to the husband: Brown v. Walker, 81 Ill. App. 396; Reynolds v. Robinson, 64 N. Y. 589; Cory v. Cook, 24 R. I. 421 (53 Atl. Repr. 315); Bloodgood v. Meissner, 84 Wis. 452 (54 N. W. Repr. 772); Farrell v. Harrison, 14 N. Y. Misc. 462 (35 N. Y. Supp. 1029); Gamber v. Gamber, 18 Pa. 363; Jack v. Kintz, 177 Pa. 571.

*H. H. Mercer,* for appellee.—An account rendered, with balance struck, and that assented to by the party to whom it is rendered, is an account stated: Bevan v. Cullen, 7 Pa. 281; Thompson v. Fisher, 13 Pa. 310; Sergeant v. Ewing, 36 Pa. 156; Felty v. Deaven, 166 Pa. 640; Peters's Est., 20 Pa. Superior Ct. 223.

It is well settled in Pennsylvania, that under the provisions of the Acts of June 3, 1887, P. L. 332, and June 8, 1893, P. L. 344, the earnings of a married woman while living with her husband are her own separate property and she can recover them in an action without her husband joining: Lewis's Est., 156 Pa. 337; Nuding v. Urich, 169 Pa. 289; Martin v. Davis, 30 Pa. Superior Ct. 59; Morrison v. Nipple, 39 Pa. Superior Ct. 184; Kelly v. Eckenstein, 31 Pa. C. C. Rep. 651; Nyman v. Cooke, 33 Pa. C. C. Rep. 426.

OPINION BY MORRISON, J., May 13, 1912:

This action of assumpsit originated before a justice of the peace and it came into the court below on appeal. The defendant owned a farm and leased the same to Amos F. Kinert, husband of the plaintiff, by a written contract to which the plaintiff was not a party. Under

this contract Amos F. Kinert, with his family, took possession of the defendant's farm and used and occupied it. Defendant alleged that shortly after the tenant and his family moved on the farm an oral agreement was made between himself and Amos F. Kinert to the effect that the latter should board him in consideration of work and labor to be performed by defendant for Amos F. Kinert. Defendant alleged that he did work on the farm as he agreed to and he boarded in the family.

The plaintiff's contention was that a settlement was made between her and defendant, on February 20, 1911, wherein it was agreed that the defendant at that time owed the plaintiff for boarding, washing, etc., the sum of $163, to which sum the defendant then and there assented and agreed. The plaintiff admitted that at such settlement it was found that the defendant had a valid claim against her for $52.86, and deducting this amount from the $163 left due and owing her the sum of $110.14, and that the defendant then and there agreed to pay the same to the plaintiff. Plaintiff further averred that on the day of said settlement the defendant paid her $20.14, leaving a balance due her of $90.00 which balance she alleged the defendant then and there promised to pay her in a few days.

On the part of the defendant it was strongly contended that he never agreed or promised to pay the plaintiff for any boarding whatever and that he was not indebted to her for boarding, and he denied the settlement and promise to pay the $90.00 above mentioned. The defendant, however, admitted that he did give the plaintiff $20.14 as, he said, "I wanted to get shut of them." The defendant's counsel complain vigorously of the manner of the trial of the case by the court below and we find in the record fourteen assignments of error, a careful examination of which has convinced all of the judges, who heard the argument, that the defendant's counsel have just grounds of complaint and that the judgment must be reversed.

It was undisputed and conceded at the trial that the

contract for the letting of the farm of the defendant was in writing with Amos F. Kinert and that the plaintiff was not a party to this contract. The first assignment of error complains of the court for allowing the plaintiff to prove that she owned the stock, etc., which was taken on to the defendant's farm when she and her husband went there to live. This was objected to as immaterial and in no way affecting any alleged contract. The court overruled the objection and admitted the evidence. The plaintiff was seeking to recover from the defendant not on an alleged contract but because he boarded with the family and she alleged that he settled with her and her husband and promised to pay her the amount found due at such settlement. The judges who heard the argument of this case are not of one mind as to the admission of this evidence, but a majority of them are of the opinion that it was right to permit the plaintiff to prove that she owned said personal property as a fact bearing upon the situation of the parties to the suit. But we are all of the opinion that the charge of the court attached too much importance to the fact that the plaintiff owned said personal property. The evidence upon that point was pointedly brought to the attention of the jury several times in the charge while at most it was only a fact of minor importance and it ought not to have been so prominently presented to the jury.

The second assignment complains that the court would not permit the counsel to properly cross-examine the plaintiff. She was asked, Did you say in August, 1910, that Mr. Kapp was not paying any board? This was objected to by plaintiff's counsel on the ground that plaintiff was suing on an account stated and that if she could show a settlement which was assented to by Mr. Kapp at that time the defendant could not go into any other testimony. The court sustained the objection on the ground of the alleged settlement made on February 20, 1911. We think this was error because the settlement was disputed and the questions asked the plaintiff might

have laid grounds for contradicting her and might have affected her credibility in regard to said settlement.

The third assignment alleges error in the refusal of the court to permit the cross-examination of the plaintiff as to her testimony before the justice of the peace. Several questions were asked her by defendant's counsel, as quoted in the assignment, and we think they ought to have been answered. But the court sustained the objection thereto on the ground that no testimony was admissible as to what the witness said as to any contract prior to February, 1911. We think the questions asked in cross-examination were proper as bearing upon her credibility. The fourth assignment complains of the court for sustaining an objection and excluding cross-examination of plaintiff's husband as to conversations with certain persons in which it was alleged that the witness had said to said persons that the defendant was not paying any board and that that was the agreement. The court sustained the objection on the ground that this conversation took place after February 20, 1911, and secondly, it did not appear that it was in the presence of the witness' wife. We think this was clear error. The witness was on the stand testifying in favor of his wife in support of her claim that the defendant owed her for boarding and had settled and agreed to pay her. Surely it would have been competent for the defendant to have laid grounds for contradicting the witness by showing that he had admitted to others that the defendant was not to pay for board and that it was so agreed. Moreover, if the witness was acting as agent of his wife, the plaintiff, it does not necessarily follow that the questions quoted in the assignment were improper because they called for a conversation not in the presence of the plaintiff.

We think the court erred in excluding the evidence offered as shown by the fifth assignment. The proposition was to prove by several witnesses that Amos F. Kinert said in the fall of 1910 that they were not charging Kapp any board; and that Mrs. Kinert said in the presence of Deibler and Hammaker that she had no contract with

Kapp in regard to board or otherwise. The court sustained the objection and excluded this evidence but it certainly would have borne on the question of the credibility of both Kinert and the plaintiff as to the settlement and promise of the defendant for boarding, because if the jury concluded that the defendant owed no boarding they would be likely to take his testimony as true when he said that he owed no boarding and did not settle and did not promise to pay any. The sixth assignment complains of the court for refusing to admit in evidence the written contract between the plaintiff's husband and the defendant. We think this contract was competent. On the defendant's theory of the case it was important for him to show that his contract was with Amos F. Kinert and not with his wife. The seventh assignment is based on the answer to defendant's first point: "That where one boards in a family consisting of husband and wife, the money due for boarding furnished belongs primarily to the husband." We think the defendant was entitled to an unqualified affirmance of this point but the answer of the court again referred to the jury the question of whether the wife owned the property used in the farming operations and was entitled to all the proceeds.

We think defendant's second point, quoted in the eighth assignment, should have been affirmed without qualification, except that the jury ought to have been instructed that the wife could recover if the boarder promised to pay her. This answer again referred the jury to the question of whether the wife owned the personal property on the farm. The ninth assignment is based on the defendant's third point. This point might have been affirmed without qualification, but we are not satisfied that the answer injured the defendant and this assignment is not sustained. The tenth assignment complains of the answer to defendant's fourth point. We think this should have been affirmed without qualification. The answer is: "This would be true, if the facts justified that

conclusion." This, coming from the court, was probably a strong intimation to the jury that the court did not think the evidence justified them in finding the facts assumed in the point. We do not sustain the eleventh assignment because the questions in dispute between the parties were clearly for the jury. The twelfth assignment complains of a portion of the charge in which the court said to the jury that, "Kapp took notes of what credits were allowed, and also of the debits claimed, and that he then, as we said before, promised to pay her the remaining $90.00." The jury probably understood this as a binding instruction in favor of the plaintiff. Whether or not Kapp promised to pay plaintiff $90.00 was in dispute and it should have been carefully submitted to the jury. The thirteenth assignment complains of the charge as a whole but it does not quote the charge and, therefore, that assignment is not considered. The last assignment is that the court erred in entering judgment on the verdict for the plaintiff. In view of the numerous assignments which we have sustained, it of course follows that this assignment should be sustained.

The assignments of error are all sustained, except the first, ninth, eleventh and thirteenth, and the judgment is reversed with a venire facias de novo.